THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WENDY JEAN COLEMAN                                                                                              PLAINTIFF

v.                                                                                              CIVIL CASE NO. 3:20-CV-244-NBB-RP

COMMISSIONER OF SOCIAL SECURITY                                                                DEFENDANT

## REPORT AND RECOMMENDATION

Wendy Jean Coleman seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. The undersigned held a hearing on June 30, 2021. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).
[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

1

three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held

---

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, she found that the plaintiff has the severe impairments of degenerative disk disease of the lumbar spine, lumbago, and degenerative joint disease. At step three, she found that none of these impairments meets or medically equals a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work except the plaintiff can never climb ladders, ropes, or scaffolding and can have occasional exposure to workplace hazards. At step four, the ALJ found that the plaintiff is unable to perform any past relevant work. Finally, at step five, the ALJ found that prior to January 8, 2020, considering the plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that the plaintiff could have performed, such as the jobs of bottling line attendant, sales attendant, and

cashier. As such, the ALJ concluded that the plaintiff was not disabled prior to January 8, 2020.[11]

## Discussion

The plaintiff raises several arguments of error on appeal. First, she argues the ALJ erred when stating in her decision that the treatment notes of the plaintiff's treating physician Forster Ruhl "do not support missed work due to any limitations." The plaintiff points out that Dr. Ruhl's records contain several FMLA certification forms completed by Dr. Ruhl in 2014. However, those forms significantly predate the alleged disability onset date of November 1, 2016. Considering the context of the ALJ's statement, it appears she was referring to Dr. Ruhl's treatment records during 2016 when, according to the plaintiff's administrative hearing testimony, her impairments were causing her to miss work to the extent that she lost her job, whereas on the other hand she told the consultative psychological examiner that her job was phased out. It appears the ALJ was simply pointing out that Dr. Ruhl's treatment notes do not corroborate the plaintiff's testimony that she lost her job in 2016 because she was missing too much work for medical reasons. The undersigned sees no error here, and certainly no reversible error.

Next, the plaintiff argues the ALJ "played doctor" by finding the plaintiff to be more limited than the state agency consultants did and less limited than her treating physician assessed. The plaintiff contends the ALJ improperly substituted her lay opinion for that of the medical professionals. However, while an ALJ may improperly "play doctor" by drawing his own medical conclusions, such as whether a patient would show signs of atrophy or muscle loss

---

11 In a partially favorable decision, the ALJ found that a borderline age situation exists; she used the next higher age category beginning January 8, 2020; and she found the plaintiff became disabled on that date under the Medical-Vocational Rules.

as a result of certain impairments,[12] under the regulations and Fifth Circuit caselaw the determination of the RFC "is the sole responsibility of the ALJ." *Taylor v. Astrue,* 706 F.3d 600, 602-03 (5th Cir. 2012). "What [the plaintiff] characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine the capacity for work." *Taylor,* 706 F.3d at 603. The ALJ did not exceed her authority in determining the plaintiff's RFC based on the medical evidence and other evidence in the case; she explained why she found the administrative medical findings of the state agency consultants and the opinion of Dr. Ruhl to be not fully persuasive; and her findings are supported by substantial evidence.

Next, the plaintiff argues that the ALJ committed error at step two of the sequential analysis when she found the plaintiff's depression to be non-severe. The plaintiff points out that when citing the severity standard, the ALJ did not use the specific language set forth in *Stone v. Heckler,* which held an impairment can be considered as not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir. 1985). However, the severity standard cited by the ALJ is consistent with that set forth in SSR 85-28, and although the precise wording differs, "*Stone* and SSR 85-28 are not substantially different enough to warrant a finding of error." *Keel v. Saul,* 986 F.3d 551, 556 (5th Cir. 2021). As to the ALJ's finding of non-severity of the plaintiff's depression, she thoroughly explained why she found the plaintiff has no limitations or mild limitations in the four broad areas of mental functioning known as the "paragraph B" criteria. When such findings are made, the ALJ "will generally conclude that your [mental] impairment(s) is not severe." 20 C.F.R. § 404.1520a(d)(1).

---

12 *See Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir. 2003).

The ALJ's step two finding as to the plaintiff's depression is supported by substantial evidence. Even if it were not, the error would be harmless.

"*Stone* merely reasons that the regulation cannot be applied to summarily dismiss, without consideration of the remaining steps in the sequential analysis, claims of those whose impairment is more than a slight abnormality." *Anthony v. Sullivan,* 954 F.2d 289, 294 (5th Cir. 1992). Where a claimant's case "did not turn on whether or not [his] impairment was severe," but on subsequent steps in the sequential analysis – "an inquiry unaffected by the test set forth in *Stone*," the claimant's step two *Stone* argument "is irrelevant to the disposition of his case." *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987). There is no *Stone* error where a claimant's "request for benefits was not denied based on an improper determination of 'non-severity' at step two." *Dise v. Colvin,* 630 Fed.Appx. 322, 324 (5th Cir. 2015). Even if on appeal an impairment is deemed severe under the *Stone* standard, "this fact does not require a remand when the Secretary has gone beyond the second step, as here, as not all 'severe' impairments are disabling." *Harrell v. Bowen,* 862 F.2d 471, 481 (5th Cir. 1988). Where the ALJ finds other impairments to be severe and proceeds to subsequent steps in the sequential analysis, any *Stone* error at step two is harmless and remand is not required unless the plaintiff shows that he is so functionally impaired by the subject impairment that he is precluded from engaging in substantial gainful activity. *Taylor v. Astrue,* 706 F.3d 600, 603 (5th Cir. 2012). In this case, the plaintiff has failed to show that she is so functionally impaired by her depression that she is unable to work, and therefore any step two error is harmless.

Finally, the plaintiff argues the ALJ erred by not including mental limitations in the RFC in light of psychological consultative examiner Dr. Raby's opinion that the plaintiff has "mild to moderate" limitations in the area of adapting. However, the ALJ thoroughly explained why she

6

found the plaintiff to have only mild limitations in that area of mental functioning, and she explained that although she found Dr. Raby's opinion to be mostly persuasive, the evidence overall does not support work-related mental limitations rising to a moderate degree. The RFC assessed by the ALJ is supported by substantial evidence.

For these reasons and for those announced on the record at the conclusion of oral arguments, the undersigned magistrate judge RECOMMENDS that the Commissioner's decision be AFFIRMED. The parties are referred to 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date and "a party's failure to file written objections to the proposed findings, conclusions and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

**SO ORDERED**, this the 1st day of July, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE